THE STATE OF FLORIDA, ex rel. J. TOM WATSON, Attorney General, of the State of Florida, and HOLLYWOOD BEACH COMPANY, INC., a Florida Corporation. v. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF BROWARD, E. N. POWELL, Chairman, I. G. SHUMAN and L. D. NEAL, As members of and constituting the Board of Public Instruction for the County of Broward, ULRIC J. BENNETT, as Superintendent of Public Instruction and ex-officio Secretary of the Board of Public Instruction for the County of Broward.

5 So. (2nd) 594            En Banc
January 16, 1942

T. D. Ellis, Jr., for appellants.

George W. Leaird, for appellees.

TERRELL, J.:

The legislature of 1941 enacted Chapter 21129 providing for a bond election in Special Tax School Dis-

tricts 4 and 5, Broward County for the purpose of acquiring a site, building, furnishing and supporting a public high school situated in either or both said districts as may be determined in the manner provided in the Act.

The Board of Public Instruction adopted an appropriate resolution to execute the provisions of said Act. The relator and co-relator, plaintiffs in error, then filed an information in the nature of quo warranto challenging the constitutional validity of the Act, including the resolution of the Board of Public Instruction to enforce it. Respondents answered the information to which a demurrer was interposed. On consideration of the latter, the trial court quashed the writ and dismissed the cause. A motion for new trial was denied and writ of error was prosecuted.

It is contended that Ch. 21129 is violative of Sections 10 and 17, Article XII, Constitution of Florida, Sections 1, 4 and 12, Declaration of Rights, Constitution of Florida, and the Fifth and Fourteenth Amendments to the Federal Constitution, and that the trial court was in error in holding to the contrary.

The challenge to the constitutional validity of Chapter 21129 in so far as the Fifth and Fourteenth Amendments and Sections 1, 4, and 12 of the Declaration of Rights is concerned is nothing more than a bare unsupported assertion and being so, presents nothing for discussion or the determination by this Court. As to the assault based on Sections 10 and 17 Article XII of the Constitution, it is contended that the Act provides (1) for a bond issue in two special tax school districts without defining who are qualified voters therein, and (2) that the said act attempts to provide a bond issue for a high school in two special

tax school districts without any limitation on the taxing authority. Bronson v. Board of Public Instruction, 108 Fla. 1, 145 So. 833, is relied on to support both contentions.

We do not think there is any substance to either contention. Section 10 of Article XII of the Constitution provides for the division of any county or counties into special tax school districts, the organization thereof, the election of trustees and for the levy and collection of a district tax for the exclusive use of public free schools within the district. Other provisions of Article XII provide for bond issues to build and support free schools within the districts.

Chapter 21129 makes no attempt to abolish or consolidate special tax school districts four and five, the integrity of both districts and the power of the trustees in both is retained and there is no change in the school status of the districts except the joint provision for the establishment and support of a high school and as to this, the bond issue and all taxes to support it are required to be imposed by vote of the tax payers as is now done in all other special tax school districts as if there were no joint support.

The most that the challenged statute does is to provide a means whereby special tax school districts four and five may pool their effort and resources to provide a joint high school for both districts. The wisdom, the reason for, and the necessity for such a high school is not one for this Court but for the legislature and the local authorities to determine.

We find nothing in the Act assaulted that violates the challenged Sections of the Constitution. It is in harmony with the present trend to consolidate where better and more efficient educational facilities will

result and be extended to those in areas where they did not previously exist. It is in line with the doctrine of Reaves v. Sadler, 136 Fla. 553, 189 So. 41.

This is one of the first cases brought up on the stipulation as authorized by Rule Eleven of the rules of this Court. The record contains everything essential to answer the questions raised and is only 23 pages.

The judgment appealed from is free from error and is affirmed.

Affirmed.

BUFORD, CHAPMAN, and ADAMS, JJ., concur.

BROWN, C. J., and THOMAS, J., dissent.